| | |
|---|---|
| 1 | Laurence D. King (SBN 206423) |
| 2 | Linda M. Fong (SBN 124232)<br>KAPLAN FOX & KILSHEIMER LLP |
| 3 | 350 Sansome Street, Suite 400<br>San Francisco, CA 94104 |
| 4 | Telephone:  415-772-4700<br>Facsimile:   415-772-4707 |
| 5 | Email:  lking@kaplanfox.com<br>           lfong@kaplanfox.com |

Attorneys for Plaintiff Dallas Faulkner

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH P. HEINTZ, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD WOLFORD, MARY HENDERSON, TIMOTHY BRUER, SAMUEL ARMACOST, TERENCE MARTIN, JOE MORGAN, DAVID WILLIAMS, VICTOR LUND, SHARON MCCOLLAM, BLUE MERGER SUB INC., BLUE ACQUISITION GROUP, INC., DEL MONTE FOODS COMPANY,<br><br>Defendants. | Case No. 10-CV-5789 CW<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DALLAS FAULKNER'S MOTION TO: (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL**<br><br>Date:         May 19, 2011<br>Time:        2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge:       Hon. Claudia Wilken |

| | |
|---|---|
| DALLAS FAULKNER, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD G. WOLFORD, MARY R. HENDERSON, TIMOTHY G. BRUER, SAMUEL H. ARMACOST, TERENCE D. MARTIN, JOE L. MORGAN, DAVID R. WILLIAMS, VICTOR L. LUND, SHARON L. MCCOLLAM, BLUE MERGER SUB INC., BLUE ACQUISITION GROUP, INC. and DEL MONTE FOODS COMPANY,<br><br>Defendants. | Case No. C 11-00326 CW |

# **TABLE OF CONTENTS**

**page**

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION .............................................................................................1

PRELIMINARY STATEMENT .........................................................................................................2

INTRODUCTION ................................................................................................................................2

PROCEDURAL BACKGROUND ......................................................................................................3

STATEMENT OF FACTS ..................................................................................................................4

ARGUMENT ......................................................................................................................................5

   I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ......................5

   II.   PLAINTIFF SHOULD BE APPOINTED LEAD PLAINTIFF ..........................................6

      A.   The Procedural Requirements Pursuant To The PSLRA ..................................................6

      B.   Plaintiff is "The Most Adequate Plaintiff" ........................................................................7

          1. Plaintiff Has Made a Motion For his Appointment As Lead Plaintiff. ........................7

          2. Plaintiff Has The Largest Financial Interest. ..............................................................7

          3. Plaintiff Otherwise Satisfies Rule 23. .........................................................................7

      C.   Plaintiff Fulfills The Typicality Requirement. ..................................................................8

      D.   Plaintiff Fulfills The Adequacy Requirement ...................................................................9

   III.  THE COURT SHOULD APPROVE PLAINTIFF'S CHOICE OF COUNSEL ..............9

CONCLUSION ..................................................................................................................................11

i

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW

# TABLE OF AUTHORITIES

**page**

**CASES**

*Appleyard v. Wallace*,
   754 F.2d 955 (11th Cir. 1985) .................................................................................................. 8

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................. 9

*Fischler v. Amsouth Bancorporation*,
   No. 96-1567-CIV-T-17A,
   1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) ........................................................... 8

*Franklin, et al. v. Richard G. Wolford, et al.*
   No. CGC-10-506066 (Cal. Super. Ct., S.F. Cty.) .................................................................... 2

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) ............................................................................................. 6

*In re Del Monte Foods Company Shareholders Litig.*,
   No. 6027-VCL (Del. Ch.) ........................................................................................................ 2

*In re Drexel Lambert Group, Inc.*,
   960 F.2d 285 (2d. Cir. 1992) .................................................................................................. 9

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995) ..................................................................................................... 9

*In re USEC Sec. Litig.*,
   168 F. Supp. 2d 560 (D. Md. 2001) ........................................................................................ 6

*Johnson v. Celotex Corp.*,
   899 F.2d 1281, 1284 (3d Cir.),
   *cert. denied.*, 498 U.S. 920 (1990) .......................................................................................... 6

*Kaiman, et al. v. Del Monte Foods Co., et al.*,
   No. CGC-10-505726 (Cal. Super. Ct., S.F. Cty.) .................................................................... 2

*Kennedy v. Tallant*,
   710 F.2d 718 (11th Cir.),
   *cert. denied*, 485 U.S. 959 (1988) ........................................................................................... 8

*Kilpatrick v. J.C. Bradford & Co.*,
    827 F.2d 718 (11th Cir. 1987) .................................................................................................. 9

*Lax v. First Merchs. Acceptance Corp.*,
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................ 6, 8, 9

*Newman v. Eagle Bldg. Techs.*,
    209 F.R.D. 499 (S.D. Fla. 2002) ............................................................................................... 7

*Philips v. Joint Legislative Comm. On Performance and Expenditure Review*,
    637 F.2d 1014 (5th Cir. 1981),
    *cert. denied*, 456 U.S. 971 (1982) ........................................................................................... 8

*Sinor, et al. v. Richard G. Wolford, et al.*,
    No. CGC-10-505735 (Cal. Super. Ct., S.F. Cty.) .................................................................... 2

*Wetzel v. Liberty Mutual Ins. Co.*,
    508 F.2d 239 (3d Cir. 1975) ..................................................................................................... 9

**STATUTES**

15 U.S.C.
    § 78a *et seq.* ............................................................................................................................ 2, 4
    § 78u-4 ...................................................................................................................................... 1, 5
    § 78u-4(a)(2)(A) ....................................................................................................................... 2, 3
    § 78u-4(a)(3) ............................................................................................................................. 6
    § 78u-4(a)(3)(A) & (B) ............................................................................................................. 6
    § 78u-4(a)(3)(A)(i) ................................................................................................................... 3, 6
    § 78u-4(a)(3)(B) ....................................................................................................................... 2, 3, 7
    § 78u-4(a)(3)(B)(i) .................................................................................................................... 6
    § 78u-4(a)(3)(B)(iii) ................................................................................................................. 7, 9
    § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................................................................... 9
    § 78u-4(a)(3)(B)(v) .................................................................................................................. 9

**RULES**

Fed. R. Civ. P.
    Rule 6(a) ................................................................................................................................... 6
    Rule 23 ...................................................................................................................................... *passim*
    Rule 23(a) ................................................................................................................................. 7, 8
    Rule 23(a)(3) ............................................................................................................................. 8, 9
    Rule 23(a)(4) ............................................................................................................................. 9
    Rule 42(a) ................................................................................................................................. 6

Rule 14a-9 ..................................................................................................................................... 2, 4

iii

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW

**TREATISES**

MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.224 (2004) ........................................ 10

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on May 19, 2011 at 2:00 P.M., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Claudia Wilken, located at Oakland Courthouse, Courtroom 2 - 4th Floor, 1301 Clay Street, Oakland, CA 94612, plaintiff Dallas Faulkner ("Plaintiff") will, and hereby does, respectfully move this Court, under the Federal Rules of Civil Procedure and Section 21D(a)(3)(B)(iii)(I) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4, for entry of an order to: (1) consolidate the related case; (2) appoint lead plaintiff for a class of purchasers of Del Monte Foods Company ("Del Monte" or the "Company") stock ("Lead Plaintiff"); (3) approve Plaintiff's choice of the law firm of Bull & Lifshitz, LLP ("Bull & Lifshitz") to serve as Lead Counsel; and (4) approve Plaintiff's selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as liaison counsel; and (5) to grant such other relief as the Court may deem just and proper.

This Motion is made on the grounds that the Plaintiff has suffered financial losses as a result of Defendants' false and misleading statements and/or omissions in connection with the acquisition announced on November 25, 2010, and is the most adequate plaintiff. In addition, Plaintiff meets all the requirements of Fed. R. Civ. P. 23 because his claims are typical of class members' claims and because Plaintiff will fairly and adequately represent the class. Finally, Plaintiff has selected as Lead Counsel a nationally recognized law firm with extensive experience in prosecuting securities class actions to serve as Lead Counsel for the Class.

The Motion is based upon the accompanying Memorandum of Law, the supporting Declaration of Joshua M. Lifshitz, filed herewith, the pleadings filed herein, and other written or oral arguments as may be presented to the Court.

1

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW

**PRELIMINARY STATEMENT**

Plaintiff has suffered losses as a result of his investment in the securities of Del Monte. Plaintiff believes that he is the most adequate plaintiff. As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Plaintiff moves the Court to: (i) consolidate the related action; (ii) appoint himself as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; (iii) approve his selection of the law firm of Bull & Lifshitz, LLP ("Bull & Lifshitz") to serve as Lead Counsel; and (iv) approve his selection of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") to serve as Liaison Counsel.

**INTRODUCTION**

The above-captioned action is a securities class action lawsuit that has been brought against certain officers and/or directors of the Company alleging violations of Sections 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder of the Securities Exchange Act of 1934 (the "Exchange Act") and state law claims for breaches of fiduciary duty.[1]

Plaintiff, who has suffered significant losses in connection with his ownership of Del Monte common stock, is a member of the Class and is suitable and adequate to serve as lead plaintiff.[2] Plaintiff has submitted a sworn certification demonstrating his desire to serve as lead plaintiff. *See* Faulkner Decl. at Exhibit A (Plaintiff's Certification).[3] To the best of Plaintiff's knowledge,

---

[1] Other actions also were commenced against Del Monte and certain officers and directors of the corporations in the parallel state court actions filed in the California Superior Court, County of San Francisco: *Franklin, et al. v. Richard G. Wolford, et al.* (No. CGC-10-506066); *Kaiman, et al. v. Del Monte Foods Co., et al.* (No. CGC-10-505726); and *Sinor, et al. v. Richard G. Wolford, et al* (No. CGC-10-505735) and in Delaware Chancery Court: *In re Del Monte Foods Company Shareholders Litigation,* (No. 6027-VCL).

[2] The losses suffered by Plaintiff are not the same as his legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A), and based upon reference to information concerning the price offered to shareholders of the Company.

[3] The sworn certification for Dallas Faulkner is attached to the Declaration of Joshua M. Lifshitz In Support of Plaintiff's Motion to Consolidate the Related Action and Appoint His Choice of Lead and Liaison Counsel (the "Lifshitz Decl."), filed simultaneously herewith.

2

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW

Plaintiff's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff. *See* Lifshitz Decl. at Exhibit A.  At the time of this filing, Plaintiff is not aware of any other class member that filed an application for appointment as lead plaintiff that sustained greater financial losses.

Plaintiff satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure and therefore is qualified for appointment as lead plaintiff in this action.  Thus, as demonstrated herein, Plaintiff is presumptively the most adequate plaintiff and should be appointed lead plaintiff.

Plaintiff respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA, for an order: (i) consolidating the Related Action; (ii) appointing Plaintiff to serve as Lead Plaintiff pursuant to the Exchange Act; (iii) approving Plaintiff's selection of  Bull & Lifshitz as Lead Counsel for the Class; and (iv) approving his selection of the law firm of Kaplan Fox & Kilsheimer LLP to serve as Liaison Counsel.

## PROCEDURAL BACKGROUND

Presently pending before this Court are two related securities class action lawsuits (the "Actions").  The Actions allege among other things, that Del Monte's Board breached its fiduciary duties in connection with the Proposed Acquisition.  Plaintiffs objected to the overall fairness of the acquisition and took specific issue with the adequacy of Del Monte's proxy statement.  In connection with the filing of a comprehensive Complaint, Plaintiff complied with all of the requirements of the PSLRA by filing a certification and by publishing notice to the entire class of Del Monte shareholders.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on February 10, 2011, Plaintiff issued the first notice that a class action had been initiated against Defendants.  The notice was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff within 60 days. *See* Lifshitz Decl. at Exhibit B.

3

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL

Case No. 10-CV-5789 CW

Plaintiff is a class member (*see* Lifshitz Decl. at Exhibit A) and is timely filing this motion within the 60-day period following publication of the first notice pursuant to Section 21D of the PSLRA.

### STATEMENT OF FACTS[4]

The Complaint alleges that on November 25, 2010, Del Monte, Kohlberg Kravis Roberts & Co. L.P. ("KKR"), Vestar Capital Partners ("Vestar") and Centerview Partners ("Centerview") (the "Sponsors") through their affiliates, Blue Acquisition Group, Inc. ("Parent") and Blue Merger Sub Inc., a wholly-owned subsidiary of Parent ("Merger Sub") (collectively, the "Sponsors"), announced that they had entered into a proposed merger, pursuant to which Sponsors would acquire all of the outstanding shares of Del Monte for $19.00 per share. Complaint ¶¶1, 36. Plaintiff objected to the overall fairness of the acquisition and took specific issue with the adequacy of Del Monte's proxy statement filed with the SEC on or about January 12, 2011 (the "Proxy") with the Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction pursuant to which, *inter alia,* the Board recommended that Del Monte stockholders vote "FOR" the approval and adoption of the Merger Agreement and in favor of the Proposed Transaction. *Id.* ¶¶8, 71-77. In connection with the Proxy, the Complaint alleges that Defendants have violated §§14(a) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (2008), and SEC Rule 14a-9 promulgated thereunder with respect both to its structure and with respect to Defendants' failure to disclose all material facts to Plaintiff and the Class. *Id.* ¶¶85, 90.

The Complaint further alleges that defendants have agreed to lock up the Proposed Transaction with deal protection devices that preclude other bidders from making a successful competing offer for the Company. Specifically, pursuant to the merger agreement dated June 3, 2010 (the "Merger Agreement"), defendants agreed to: (i) a "go-shop" provision permitting through January 8, 2011, a limited period of 45 days, for the Company to actively solicit potential bidders (the "Go-Shop Period"); (ii) a no-solicitation provision that prevents other buyers from having access to the Company's confidential information following the Go-Shop Period, which information

---

[4] These facts were derived from the allegations contained in the Complaint.

4
FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW

is necessary to formulate a bid, except under extremely limited circumstances; (iii) a matching rights provision that allows the Sponsors time to match any competing proposal in the event one is made. Specifically, following the conclusion of the Go-Shop Period, (a) within three (3) business days, the Company must notify Parent of any excluded parties (i.e., parties that have during the go-shop period provided the Company a written acquisition proposal that the Board determines in good faith is, or could reasonably be expected to result in, a superior proposal) and provide Parent with a written summary of the material terms and conditions of any Acquisition Proposal received from an excluded party; and (b) the Company must notify Parent within two (2) business days of any proposals or offers made. Finally, the Merger Agreement contains a provision that requires the Company to pay Parent a termination fee of $60 million as a result of the Company entering into an alternative acquisition agreement with a person who submits an acquisition proposal prior to the end of the Go-Shop Period. If the termination fee becomes payable under any other circumstances, the amount payable to Parent is $120 million. These provisions substantially limit the Board of Director's ability to act with respect to investigating and pursuing superior proposals and alternatives including a sale of all or part of Del Monte. *Id.* ¶¶7, 48.

Additionally, the Complaint alleges that the Company's Board has breached its fiduciary duties to Del Monte shareholders by causing the Company to enter into the Merger Agreement that provides for the sale of Del Monte at an unfair price, and deprives Del Monte public shareholders of maximum value to which they are entitled. *Id.* ¶¶1, 6.

## ARGUMENT

**I.     THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Each of the Actions asserts class claims on behalf of Del Monte shareholders for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by shareholders of Del Monte securities during the relevant time period and were injured as a result of the issuance of materially false and misleading statements and concealment of material information. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P.

42(a); *see Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (3d Cir.), *cert. denied.*, 498 U.S. 920 (1990) . That test is met here and, accordingly, the Actions should be consolidated.

## II.     PLAINTIFF SHOULD BE APPOINTED LEAD PLAINTIFF

### A.     The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing a complaint, publish a notice to the Class informing Class members of their right to seek appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The plaintiff in the first-filed action here did not publish a notice within 20 days of filing the initial complaint. However, Plaintiff, in the second filed action, arranged for the publication of notice within 20 days of the filing of his Complaint. Plaintiff published the notice on *Business Wire* on February 10, 2011. *See* Liftshitz Decl. at Exhibit B.[5] This notice indicated that applications for appointment as lead plaintiff were to be made no later than 60 days of the February 10, 2011 notice.[6] Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

Next, within 90 days after publication of the initial notice of pendency, the Court shall appoint as lead plaintiff a movant that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

---

[5]     *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See In re USEC Sec. Litig.,* 168 F. Supp. 2d 560, 567 (D. Md. 2001); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

[6]     Therefore, under Fed. R. Civ. P. 6(a), the lead plaintiff application period ends on Monday, April 11, 2011.

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:
> (aa)  has either filed the complaint or made a motion in response to a notice . . .
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002).

### B.    Plaintiff is "The Most Adequate Plaintiff"

#### 1.    Plaintiff Seeks Appointment As Lead Plaintiff.

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Plaintiff timely moved this Court to be appointed lead plaintiff on behalf of all plaintiffs and Class members covered by the action and any other actions deemed related by this Court.

#### 2.    Plaintiff Has The Largest Financial Interest.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the Class member(s) who represent(s) the largest financial interest in the relief sought by the action. *See Eagle Build. Techs.,* 209 F.R.D. at 502.  As demonstrated herein, Plaintiff has the largest known financial interest in the relief sought by the Class.  *See* Lifshitz Decl. at Exhibit A.

#### 3.    Plaintiff Satisfies Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Fischler v. Amsouth Bancorporation*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); *Lax*, 1997 U.S. Dist. LEXIS 11866, at *20. As detailed below, Plaintiff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff.

### C. Plaintiff Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Generally, the typicality requirement is satisfied if the claims of the named plaintiff have the same essential characteristics as the claims of the class at large. *See Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985). The requirement that the proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Philips v. Joint Legislative Comm. On Performance and Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981), *cert. denied*, 456 U.S. 971 (1982). Since the Plaintiff seeks to prove that defendants "committed the same unlawful acts in the same methods against an entire class . . . all members of this class have identical claims, and therefore, the typicality requirement of Rule 23(a)(3) is satisfied." *Kennedy v. Tallant*, 710 F.2d 718, 722-25 (11th Cir.), *cert. denied*, 485 U.S. 959 (1988).

Plaintiff seeks to represent a class of Del Monte common stockholders that have identical, non-competing and non-conflicting interests. Plaintiff satisfies the typicality requirement because, just like all other Class members, he: (1) held Del Monte common stock at the time of the wrongs committed as alleged in the Complaint; and (2) has suffered damages as a consequence of the unlawful actions by Defendants. Thus, Plaintiff's claims are typical of those of other Class members since his claims and the claims of other Class members arise out of the same course of events.

**D.     Plaintiff Fulfills The Adequacy Requirement**

Under Rule 23(a)(4), the representative parties must fairly and adequately protect the interests of the class.  This requirement is met if it appears that (1) the named plaintiff has interests in common with, and not antagonistic to, the class' interests; and (2) the plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation.  *See, e.g.*, *Kilpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *see also In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 800 (3d Cir. 1995); *In re Drexel Lambert Group, Inc.*, 960 F.2d 285. 291 (2d. Cir. 1992); *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975).

As detailed above, Plaintiff shares common questions of law and fact with the members of the Class and his claims are typical of the claims of other Class members.  Further, Plaintiff has already taken significant steps demonstrating that he has protected and will protect the interests of the Class: Plaintiff has filed a complaint, executed a certification detailing his transactions and expressing his willingness to serve as lead plaintiff; he has moved this Court to be appointed as lead plaintiff in this action; he has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in pursuit of settlement in a professional manner.  *See generally Lax*, 1997 U.S. Dist. LEXIS 11866, at *21-25.  Furthermore, Plaintiff has the largest known financial interest which gives him "an incentive to prosecute the action vigorously." *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004).  Accordingly, Plaintiff, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfy all elements of the Exchange Act's prerequisites for appointment as lead plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**III.    THE COURT SHOULD APPROVE PLAINTIFF'S CHOICE OF COUNSEL**

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Plaintiff has selected and retained Bull & Lifshitz to serve as Lead Counsel

9

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW

1  for the Class.  Bull & Lifshitz possesses extensive experience litigating securities class actions and
2  has successfully prosecuted numerous securities class actions on behalf of injured investors.  *See*
3  Lifshitz Decl. at Exhibit C (firm resumé).  Bull and Lifshitz has served as lead or co-lead counsel in
4  many high profile class actions, recovering millions of dollars for investors and others harmed by
5  corporate mismanagement, forcing a number of important corporate reforms.
6       As previously stated as set forth in its firm resume, Bull & Lifshitz has extensive experience
7  litigating securities class actions.  *See* MANUAL FOR COMPLEX LITIGATION (FOURTH)
8  §10.224 (2004) (the court's responsibilities in appointing Lead Counsel include an assessment of
9  counsel's qualifications, experience, competence, and commitment to prosecuting action on behalf
10 of plaintiffs).
11      Bull & Lifshitz's experience and prior success are unassailable.  Bull & Lifshitz's
12 shareholder litigation practice focuses on the prosecution of securities fraud claims brought against
13 public companies as well as their officers, directors, and advisors.  In addition, Bull & Lifshitz has
14 been a leader in prosecuting actions that have resulted in increased consideration to shareholders
15 and the implementation of important corporate governance reforms designed to protect shareholder
16 rights, improve shareholder value and prevent corporate mismanagement.  These are but a few
17 examples of many in which Bull & Lifshitz has achieved outstanding results for shareholders in
18 breach of fiduciary duty litigation and complex derivative shareholder litigation and the breadth of
19 success of Bull & Lifshitz should weigh heavily in favor of appointing Bull & Lifshitz as Lead
20 Counsel.
21      Plaintiff has selected Kaplan Fox – counsel highly experienced in prosecuting securities
22 class actions – to serve as liaison counsel.  *See* Lifshitz Decl. at Exhibit D (firm resumé).
23      Because there is nothing to suggest that Plaintiff or their counsel will not fairly and
24 adequately represent the Class, or that Plaintiff is subject to unique defenses, this Court should
25 appoint Plaintiff as Lead Plaintiff and approve his selection of Bull & Lifshitz as Lead Counsel for
26 the Class and Kaplan Fox as Liaison Counsel for the Class.

10

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court: (a) consolidate the Actions; (b) appoint Plaintiff as Lead Plaintiff; (c) approve Bull & Lifshitz LLP as Lead Counsel for the Class; and (d) approve his selection of the law firm of Kaplan Fox & Kilsheimer LLP to serve as Liaison Counsel.

DATED: April 11, 2011    Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP

By:   /s/ Linda M. Fong
Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

Joshua M. Lifshitz
Peter D. Bull
BULL & LIFSHITZ, LLP
18 East 41st Street
New York, NY 10017
Telephone: (212) 213-6222
Facsimile: (212) 213-9405
counsel@nyclasslaw.com

*Attorneys for Plaintiff Dallas Faulkner*

11

FAULKNER MOTION TO (1) CONSOLIDATE THE RELATED ACTION; (2) APPOINT LEAD PLAINTIFF; (3) APPROVE PLAINTIFF'S CHOICE OF LEAD AND LIAISON COUNSEL
Case No. 10-CV-5789 CW